IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO M.T.M.,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | Civil No. 1:26-cv-07103-MWJS<br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 231-486-691 |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Pedro M.T.M.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. For the following reasons, the petition is DISMISSED without prejudice.

**BACKGROUND**

Petitioner was admitted to the country under a B-2 visa in February 2021. *Pedro M.T.M. v. Warden, Cal. City Correction Ctr.*, No. 1:26-cv-04862-MWJS, 2026 WL 1983261, at *1 (E.D. Cal. July 8, 2026). Before that admission terminated, Petitioner applied for Temporary Protected Status (TPS). *Id.* His application was granted, and Petitioner's

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

TPS terminated on November 25, 2025. *Id.* In February 2026, Petitioner was arrested for driving under the influence, and Immigration and Customs Enforcement detained him on March 1, 2026. Dkt. No. 14-3, at pg. 6.

In his first habeas petition, Petitioner argued that he was entitled to a bond hearing. *Pedro M.T.M.*, 2026 WL 1983261, at *1. The court granted the petition in part, Petitioner received a bond hearing, and an immigration judge denied Petitioner's request for a change in custody status on July 14, 2026, after finding that Petitioner would be a danger to the community. *See* Status Report, *Pedro M.T.M.*, No. 1:26-cv-04862-MWJS (E.D. Cal. July 21, 2026), Dkt. No. 16.

According to Petitioner, on July 17, 2026, he completed and mailed a notice of appeal to the following address: 10250 Rancho Road, Adelanto, California. Dkt. 1, at pg. 6. At some point, Petitioner contacted the Board of Immigration Appeals (BIA) to check on the status of his appeal, and he was told that the BIA had no record of an appeal. *Id.* Petitioner states that "the system" reflects that the BIA has his appeal. *Id.*

The court received a second petition from Petitioner on August 7, 2026. *See Pedro M.T.M. v. Chestnut*, No. 1:26-CV-06281-MWJS, 2026 WL 2524292 (E.D. Cal. Aug. 26, 2026). In his second petition, Petitioner argued that the immigration judge did not mention his positive qualities in denying his bond request. *Id.* at *1. Because Petitioner did not exhaust his administrative remedies, the court dismissed the second petition without prejudice on August 26, 2026. *Id.*

The court received Petitioner's current petition on September 4, 2026. Dkt. No. 1. In this petition, in addition to stating his "disagree[ment]" with the July 14, 2026, bond decision, Petitioner states that he has been detained for more than 180 days without any relief in, or resolution of, his case. *Id.* at pg. 6. Petitioner seeks his immediate release, describing his current detention as "excessively prolonged and indefinite." *Id.* at pg. 7.

## DISCUSSION

### A. Petitioner Cannot Challenge the July 14, 2026, Bond Decision Because He Has Not Exhausted His Administrative Remedies

Petitioner states in the petition that he "disagree[s]" with the immigration judge's July 14, 2026, bond decision. Dkt. No. 1, at pg. 2. Specifically, Petitioner argues that the immigration judge failed to consider an of his "positive qualities" in concluding that he would be a danger to the community. *Id.*

Before a district court may reach the merits of a habeas petition challenging immigration detention, it must consider whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzalez*, 548 U.S. 20 (2006). Where a petitioner has failed to do so, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

Exhaustion in this context is prudential rather than jurisdictional. Accordingly, the court must determine whether exhaustion here should be excused. That determination turns on the three considerations identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988.

Regarding the first factor, where, as here, a petitioner has already received a bond hearing and the administrative remedy remaining is a BIA appeal, agency expertise is not strictly necessary to generate a further record for decision. *See Okoth v. Kaiser*, No. 1:25-cv-01936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Kithima v. Albarran*, No. 1:26-cv-1659-DJC-JDP, 2026 WL 1078236, at *2 (E.D. Cal. Apr. 21, 2026). The first *Puga* factor therefore weighs against requiring exhaustion.

The second and third factors, however, weigh strongly in favor of requiring it. Section 1226(a) and its implementing regulations establish a comprehensive process for custody determinations, including the right to a bond hearing before an immigration judge and appellate review by the BIA. *See* 8 C.F.R. §§ 1003.19, 1236.1(d). The Ninth Circuit has held that these procedures are facially constitutional. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022).

Here, Petitioner participated in the bond hearing process and received an adverse ruling. Nothing in the current record, however, suggests that Petitioner properly appealed to the BIA.

Although Petitioner states that he completed and mailed a notice of appeal on July 17, 2026, Petitioner has not shown that he ever mailed that document to the BIA, as he was required to do. Dkt. No. 1, at pg. 6. According to Petitioner, he mailed a notice of appeal to "10250 Rancho Rd, Adelanto, CA," *id.*, but the Form EOIR-26 (Notice of Appeal from a Decision of an Immigration Judge) completed by Petitioner explicitly states that that form had to be mailed or delivered in person to the BIA, at 5107 Leesburg Pike, Suite 2000, Falls Church, VA 22041, Dkt. No. 12-1, at pg. 3. *See* 8 C.F.R. § 1003.38(b). When Petitioner contacted the BIA to check on the status of his appeal, he was told that the BIA had no record of him filing an appeal. Dkt. No. 1, at pg. 6. Upon receiving this information, Petitioner does not allege that he took any corrective action to cure the deficiency—for example, by mailing a notice of appeal directly to the BIA.

On the second factor, therefore, granting federal habeas relief under these circumstances would permit Petitioner to bypass the appellate tier of the administrative scheme. And allowing Petitioner to do so here would invite other detainees to do the

same.[2] *See Kithima*, 2026 WL 1078236, at *2–3; *see also Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025).

On the third factor, the BIA has authority to review the immigration judge's bond determination, including its factual findings and application of the applicable legal standards. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii). If Petitioner were to appeal and prevail, this litigation would be unnecessary. In addition, after the BIA issues its decision, a more fully developed record to support any judicial review that follows. *Kithima*, 2026 WL 1078236, at *3. The second and third *Puga* factors therefore favor requiring exhaustion.

Even where the *Puga* factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner has not demonstrated that an appeal to the BIA would be inadequate or unavailing. Nor has Petitioner shown that the BIA lacks the authority or the practical ability to review and, if warranted, correct the immigration judge's bond ruling. As already noted, the BIA has precisely that authority, *see* 8 C.F.R. § 1003.1(d)(3), and

[2] To the extent Petitioner alleges that the "system states" that the BIA has his appeal, Dkt. No. 1, at pg. 6, he does not identify what "system" he accessed or when he did so.

Petitioner points to no case-specific barrier to obtaining meaningful review.[3] *See* *Kithima*, 2026 WL 1078236, at *3; *Martinez*, 2025 WL 2689844, at *6.

Thus, Petitioner cannot challenge the July 14, 2026, bond decision without first satisfying the exhaustion requirement.

**B. Petitioner Has Not Shown That His Current Detention is Indefinite**

Petitioner also alleges that his detention is "excessively prolonged and indefinite." Dkt. No. 1, at pg. 7. Petitioner has been detained by ICE since March 1, 2026, a period spanning approximately seven months.

Currently, the relevant detention authority in this case is 8 U.S.C. § 1226(a). *See* Dkt. No. 14, at pg. 1. Section 1226(a) authorizes the government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it is well settled that it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). As the Ninth Circuit has held, detention under

[3] Petitioner states that the thirty-day window to appeal has expired. Dkt. No. 16, at pg. 1. The notice of appeal deadline, however, is subject to equitable tolling, *see* *Williams v. Blanche*, No. 21-339, 2026 WL 1045625, at *1 (9th Cir. Apr. 17, 2026), and Petitioner has not shown that he made any attempt to secure equitable tolling here.

The court also notes that, if, at some point, Petitioner believes that circumstances have changed since his first bond hearing, he may request another bond redetermination hearing before an immigration judge. *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Petitioner may then seek review of any bond redetermination decision by BIA. See 8 C.F.R. 1003.19(f); *Rodriguez Diaz*, 53 F.4th at 1197.

8 U.S.C. § 1226(a) is limited to the "period reasonably necessary to bring about an alien's removal from the United States." *Id.* (cleaned up). Thus, a noncitizen cannot remain indefinitely detained under 8 U.S.C. § 1226(a) in "removable-but-unremovable limbo"—for example, where the noncitizen's country of origin has refused to accept them or that country has not signed a repatriation treaty with the United States. *Id.* at 1062–63. The lack of a certain end date for detention under 8 U.S.C. § 1226(a), without more, however, does not render a noncitizen's detention indefinite. *Id.* at 1063.

Here, other than stating that he has been detained "over 180 days," and describing his detention as "excessively prolonged and indefinite," Dkt. No. 1, at pgs. 6–7, Petitioner has not provided good reason to believe that his current detention has extended beyond a period reasonably necessary to bring about his removal. Thus, habeas relief is not currently warranted. *See Camilo A.M.L. v. Warden*, No. 1:26-cv-06174-MWJS, 2026 WL 2568530, at *1–2 (E.D. Cal. Aug. 31, 2026) (denying habeas relief to noncitizen who had been detained under 8 U.S.C. § 1226(a) for more than six months); *Z.Z. v. On Habeas Corpus*, No. 1:26-cv-05908-MWJS, 2026 WL 2234648, at *1 (E.D. Cal. Aug. 3, 2026) (same).

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the petition, Dkt. No. 1, is DISMISSED without prejudice. Given the foregoing, Petitioner's request for immediate release, Dkt. No. 16, is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: October 6, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge